# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE VILLAGE MISSION VALLEY LLC,<br><br>                             Plaintiff,<br>  vs.<br>VERONICA VALERIO, et al.,<br><br>                           Defendants. | CASE NO. 16cv557-LAB (NLS)<br><br>**ORDER OF REMAND** |

      Defendant Veronica Valerio, who is proceeding *pro se*, removed this unlawful detainer action from state court and filed a motion for leave to proceed *in forma pauperis*.

      A district court must examine notices of removal and remand actions if the Court lacks jurisdiction. 28 U.S.C. § 1447(c); *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998).

      Valerio argues the Court has jurisdiction because she[1] wishes to raise federal defenses or counterclaims. Federal defenses or counterclaims, however, do not give rise to federal jurisdiction. *Vaden v. Discover Bank*, 556 U.S. 49, 59 (2009).

/ / /

---

[1] The notice of removal refers to Valerio using both male and female pronouns. (*See, e.g.*, Notice at 5:23–27 (using "his, "her," and she" to refer to herself and calling herself a "minority male"). It appears this is because most of it is cut and pasted from some other document. It is substantially identical to the equally frivolous notices of removal filed in 16cv384-LAB (NLS), *Orozco v. Escalante* (S.D. Cal., filed Feb. 16, 2016); and 16cv569-LAB (JMA), *Puente v. Mitchell* (S.D. Cal., filed March 7, 2016), even down to the typeface.

She also argues removal is proper under relies on 28 U.S.C. § 1443, alleging unfair treatment by the state courts against her and other minority litigants in unlawful detainer actions.  The Supreme Court has articulated a two-part test for examining actions removed under § 1443.  First, the removing party must assert, as a defense, rights given to her by explicit statutory enactment protecting equal racial civil rights.  *See Patel v. Del Taco, Inc.*, 446 F.3d 996, 998–99 (9th Cir. 2006) (citing Supreme Court and Ninth Circuit authority).  Valerio has not done this.  Instead, she points to his rights under the U.S. Constitution and statutes protecting homeowners generally.

Second, the removing party must assert that state courts will not enforce that right, and support that allegation by reference to a state statute or a constitutional provision purporting to command the state courts to ignore the federal rights.  *Id*.  Valerio has not done this either.  Instead, she argues that California's state courts are rife with unofficial racism and bigotry.  Merely charging state courts with racial bias does not satisfy this requirement.

The notice of removal is completely meritless.  This action is **ORDERED REMANDED** to the Superior Court of California for the County of San Diego, Central Division.  The motion to proceed *in forma pauperis* is **DENIED AS MOOT**.  The Court certifies that any appeal from this order would not be taken in good faith.

**IT IS SO ORDERED**.

DATED: March 9, 2016

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge